O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHIL KUEBER, a individual, | ) | Case No. CV 13-01127 DDP (JEMx) |
| Plaintiff, | ) ) ) | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | ) ) | |
| BIZDRIVE ASSET MANAGEMENT INC., a Canadian corporation; BIZDRIVE USA INC., a Nevada corporation; and DOES 1-10, inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Phil Kueber is ordered to show cause why this action should not dismissed for lack of subject matter jurisdiction.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Alternatively, district courts may exercise diversity jurisdiction when there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. <u>Catepillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).

"A corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business." 28 U.S.C. 1332(c)(1). A corporation's principal place of business is its "nerve center," that is the place where a corporation's officers direct, control, and coordinate the corporation's activities. Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

The Complaint states that the Plaintiff is a citizen of California, and that Defendants' headquarters and principal places of business are also in California. (Complaint ¶¶ 2-3). Thus, complete diversity appears to be lacking.

Accordingly, Plaintiff is ordered to file a brief, not to exceed five pages, within 10 days of the date of this order, showing why this action should not be dismissed for lack of jurisdiction. Plaintiff should also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los Angeles. The court will regard any failure to file an explanatory brief as consent to dismiss this matter.

IT IS SO ORDERED.

Dated: February 7, 2014

DEAN D. PREGERSON
United States District Judge

2