O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL KUEBER, an individual, | Case No. SACV 13-01127 DDP (JEMx) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |
| BIZDRIVE ASSET MANAGEMENT, INC., a Canadian corporation; BIZDRIVE USA, INC., a Nevada corporation, | |
| Defendants. | |

Plaintiff Phil Kueber is ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

District Courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction," and Plaintiff bears the burden of establishing the requisite subject matter jurisdiction. Id.

///

28 U.S.C. § 1332(a)(2) provides that District Courts shall have original jurisdiction over cases wherein the amount in controversy exceeds $75,000 and the action is "between . . . citizens of a State and citizens or subjects of a foreign state . . . ." Even in the context of § 1332(a)(2), where citizens or subjects of a foreign state are involved, the requirement of complete diversity still applies. Matao Yokeno v. Sawako Sekiguchi, 754 F.3d 649, 652 (9th Cir. 2014); See also Faysound Ltd. v. United Coconut Chemicals, Inc., 878 F.2d 290, 295 (9th Cir. 1989); Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp., 897 F.2d 461, 465 (10th Cir. 1990). Complete diversity requires that each of the plaintiffs be a citizen of a different state than each of the defendants. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). A "corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State." JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd., 536 U.S. 88, 91 (2002) (quoting Steamship Co. v. Tugman, 106 U.S. 118, 121 (1882) (internal quotations omitted).

The Ninth Circuit finds a lack of complete diversity in cases where aliens are on both sides of the litigation. See, e.g., Jungil Lee v. ANC Car Rental Corp., 220 F. App'x 493, 495 (9th Cir. 2007). "Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants." Faysound Ltd., 878 F.2d at 294 (internal quotations and citation omitted); See also Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 991 (9th Cir. 1994); Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking

2

within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens."); <u>Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.</u>, 509 F.3d 271, 272 (6th Cir. 2007) (holding that "[b]ecause there are alien corporations on both sides of the controversy, this case lacks the complete diversity required for a federal court to exercise diversity jurisdiction under § 1332(a)(2)").

The parties in this case appear to lack complete diversity. According to Plaintiff and Counter-Defendant Phil Kueber's Declaration in support of his Motion for Summary Judgment, Plaintiff and Counter-Defendant Kueber is an individual who is a citizen of Canada and Belize. (Dec. of P. Kueber, Pl. Mot. for Summ. J. ¶ 3, Dkt. 36.) Defendant and Counter-Claimant Bizdrive Asset Management, Inc. ("BAM") is a corporation organized under the laws of Canada, and is therefore deemed a Canadian citizen for the purposes of determining diversity citizenship. (Def. Answer ¶ 5, Dkt. 28.) Defendant and Counter-Claimant Bizdrive USA, Inc. is a corporation organized under the laws of Nevada. (Def. Answer ¶ 7, Dkt. 28) Although Defendant and Counter-Claimant Bizdrive USA, Inc. is a corporation in the United States, the presence of a United States Defendant does not preserve diversity when a foreign Plaintiff sues foreign Defendants. See <u>Faysound Ltd.</u>, 878 F.3d at 294; <u>Bank Julius Baer & Co. Ltd v. Wikileaks</u>, 535 F. Supp. 2d 980, 984 (N.D. Cal. 2008). Thus, complete diversity appears to be lacking.

Accordingly, Plaintiff is ordered to file a brief, not to exceed five pages, within 10 days of the date of this order,

1  showing why this action should not be dismissed for lack of
2  jurisdiction.  Plaintiff should also deliver a courtesy copy to
3  chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los
4  Angeles.  The court will regard any failure to file an explanatory
5  brief as consent to dismiss this matter.

7  IT IS SO ORDERED.

10 Dated: November 10, 2014
                                    DEAN D. PREGERSON
11                                  United States District Judge